**UNITED STATES ATTORNEY'S OFFICE**
CRAIG CARPENITO
United States Attorney
EAMONN O'HAGAN
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 645-2874

*Attorneys for the United States of America*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| *In re* <br><br> MARTIN A. BRUNSWICK, JR. and AILEEN L. BRUNSWICK, <br><br><br> Debtors. | Chapter 13 <br> Case No. 20-12136-ABA <br><br> Judge Andrew B. Altenburg, Jr. <br><br> **Hearing Date: June 10, 2020** <br> **Hearing Time: 9:00 a.m.** |

**OBJECTION OF INTERNAL REVENUE SERVICE TO CONFIRMATION**
**OF DEBTORS' CHAPTER 13 PLAN**

> **ATTENTION DEBTORS' COUNSEL:**
> **FOR THE REASONS STATED HEREIN, THE PROPOSED CHAPTER 13 PLAN**
> **IS FACIALLY UNCONFIRMABLE. TO THE EXTENT NO WRITTEN**
> **RESPONSE TO THIS OBJECTION IS FILED AND NO ADJOURNMENT IS**
> **OBTAINED, COUNSEL FOR THE UNITED STATES WILL NOT BE**
> **APPEARING AT THE SCHEDULED HEARING ON THIS MATTER AND WILL**
> **INSTEAD RELY ON THIS WRITTEN OBJECTION.**

THE UNITED STATES OF AMERICA, on behalf of the Internal Revenue

Service (the "Service"), submits the following objection to confirmation of the above-

captioned debtors' Chapter 13 Plan (the "Plan") [ECF Doc No. 4]. In support

thereof, the Service respectfully represents as follows:

## **RELEVANT BACKGROUND**

1.      Martin and Aileen Brunswick (the "Debtors") filed a voluntary joint petition under chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on February 9, 2020 (the "Petition Date") [ECF Doc. No. 1].

2.      The Debtors have unpaid federal tax liabilities for numerous tax years preceding the Petition Date.  *See* Claim No. 9.  The Debtors have also not yet filed Form 1040 federal income tax returns for tax year 2019 (the "Unfiled Federal Returns").  *Id.*  Prior to the Petition Date, the Service filed Notices of Federal Tax Lien (the "Tax Liens") against the Debtors.  *Id.*  Pursuant to 26 U.S.C. § 6321, the Tax Liens encumber all of the Debtors' "property and rights to property, whether real **_or personal_**."  26 U.S.C. § 6321 (emphasis added).

3.      The Service filed a proof of claim against the Debtors in the amount of $161,734.33 (the "Service Claim"), consisting of (i) a secured claim under 11 U.S.C. § 506(a), in the amount of $104,593.83 (the "Secured Claim"), which amount is secured by the value of the Debtors' scheduled real and personal property[1]; (ii) an unsecured priority claim pursuant to 11 U.S.C. § 507(a)(8) in the amount of $51,105.85 (the "Priority Claim")[2]; and (iii) a general unsecured claim in the amount of $6,034.65  *See* Claim No. 9.

4.      For the reasons described below, the Plan is not confirmable.

---

[1] *See* Debtors' Schedule A/B: Property [ECF Doc. No. 1].
[2] This amount is partially estimated because, as noted above, the Debtors have failed to file federal tax returns for all periods entitled to priority under Bankruptcy Code section 507(a)(8).

## OBJECTION

### A. The Plan is Not Confirmable with Respect to the Service's Secured Claim

5.  With respect to the Secured Claim, the Plan fails to comply with the

provisions of Bankruptcy Code section 1325(a)(5), which requires, *inter alia*, that a

Chapter 13 Plan provide for the retention of the secured creditor's liens and full

payment, plus post-confirmation interest.  Here, the Plan provides for no payment

of the Secured Claim.  *See* Plan, Part 4.  This defect renders the Plan

unconfirmable.

6.  In addition to failing to provide for full payment, the Plan is not

confirmable with respect to the Secured Claim for the following reasons:

  a.  It fails to provide that the Service will retain its liens against the

      property of the Debtors[3] for the time periods required by

      § 1325(a)(5)(B)(i)(I)-(II).

---

[3] It bears noting that property claimed as exempt by the Debtors under Bankruptcy Code Section 522 does not impact that allowed amount of the Secured Claim.  11 U.S.C. § 522(c)(2)(B) (mandating that "property exempted under this section is not liable during or after the case for any debt of the debtor . . . *except* . . . *a debt secured by a lien that is . . . a tax lien, notice of which was properly filed*." (emphasis added)); *Paratore v. IRS (In re Paratore)*, 1995 Bankr. LEXIS 508, at *9 (Bankr. D.N.J. 1995) ("It is clear from § 522(c)(2)(B), that Congress did not intend that any bankruptcy debtor could exempt any property from a perfected tax lien."); *see also Downey v. Georgia (In re Downey)*, 2006 Bankr. LEXIS 2737, at *4 (Bankr. N.D. Ga. Sept. 27, 2006) ("The Debtors' estate has an interest in the motor vehicles and personal property, and the Debtor cannot exempt those assets from a tax lien, notice of which is properly filed . . . If the tax lien was properly filed, then, the State has a secured claim to the extent of the value of the Debtors' assets.") (internal quotation marks omitted). As noted above, the Plan's failure to pay the full amount of the Secured Claim renders the Plan unconfirmable.

b. It fails to calculate (and provide payment for) post-confirmation interest on the Secured Claim. *Id.* § 1325(a)(5)(B)(ii); *In re Princeton Office Park, L.P.*, 423 B.R. 795, 806 (Bankr. D.N.J. 2010) (recognizing that section 1325(a)(5)(B)(ii) requires payment of an appropriate rate of post-confirmation interest on secured claims).

    i. The interest rate established by 26 U.S.C. § 6621 and the regulations thereunder (5%), applies here.  11 U.S.C. § 511(a)-(b). Thus, the Plan must calculate (and provide for payment of) post-confirmation interest on the Service's Secured Claim over the entire 60-month Plan period.

## B. The Plan is Not Confirmable With Respect to the Service's Priority Claim

7.    With respect to claims entitled to priority under Bankruptcy Code section 507(a)(8), a chapter 13 plan must "provide for the full repayment, in deferred cash payments . . . unless the holder of a particular claim agrees to a different treatment of such claim." 11 U.S.C. § 1322(a)(2).  Here, the Plan provides for "unknown" payment of the Priority Claim as currently estimated.  Plan, Part 3. On this basis, the Plan cannot be confirmed under Bankruptcy Code section 1322(a)(2).  To be clear, before the amount of the Priority Claim can even be determined with certainty, the Debtors must file the Unfiled Federal Returns.  As noted below, the failure to file those returns provides an independent basis for denying confirmation of the Plan.

4

C. **The Plan is Unconfirmable Based on the Debtors' Failure to File Adequate Schedules**

8.      Bankruptcy Code section 521(a)(1) requires the Debtors to file complete and accurate schedules of assets and liabilities.  11 U.S.C. § 521(a)(1)(B)(i).  Here, the Debtors' schedules fail to provide any value for their interests in multiple retirement assets.  *See* Debtor's Schedule A/B: Property, Part 4, Item 21 [ECF Doc. No. 1].  Thus, the schedules filed by the Debtors fail to accurately disclose their assets and liabilities and do not comply with Bankruptcy Code section 521(a)(1).  *Id.*  The Debtors' failure to comply with section 521 renders the Plan unconfirmable.  11 U.S.C. § 1325(a)(1) (requiring plan to comply with *all* applicable Bankruptcy Code provisions); *id.* § 1325(a)(3) (requiring that plan not be proposed by means forbidden by law).

D. **The Plan is Generally Unconfirmable Based on Debtor's Failure to File Tax Returns**

9.      As noted above and in the Service Claim, the Debtors has yet to submit the Unfiled Federal Returns.  Pursuant to Bankruptcy Code section 1308(a), the Debtors are required to file all tax returns for tax periods ending within four years of the Petition Date.  11 U.S.C. § 1308(a).  Non-compliance with section 1308 renders a chapter 13 plan unconfirmable under Bankruptcy Code section 1325(a)(9).  11 U.S.C. § 1325(a)(9).  Moreover, a debtor's failure to file returns due outside the time period covered by section 1308 also renders a chapter 13 plan unconfirmable under Bankruptcy Code section 1325(a)(3).  That section requires that a plan be

"proposed in good faith and not by means forbidden by law."  11 U.S.C. § 1325(a)(3).

A debtor's failure to file *all returns* necessary for the Service to calculate its claim

precludes them from meeting this requirement.  *In re Weik*, 526 B.R. 829, 835

(Bankr. D. Mont. 2015) ("Debtor's attempt to repay some obligations by means of a

chapter 13 plan without having filed *all required tax* returns is contrary to §

1325(a)(3)'s requirement that the plan be proposed 'not by any means prohibited by

law.'" (emphasis added)).

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Service requests that the Court

(i) deny confirmation of the Plan until such time as the above-referenced defects in

the Plan are cured; and (ii) grant any other and further relief that the Court deems

just and proper.

Dated: May 28, 2020

CRAIG CARPENITO
United States Attorney

*/s/ Eamonn O'Hagan*
EAMONN O'HAGAN
Assistant U.S. Attorney

*Attorneys for the*
*United States of America*